**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**HEXAMEDICS, S.A.R.L., a French corporation,**

Plaintiff,

v.

**GUIDANT CORPORATION, an Indiana corporation; and INTERMEDICS, INC., a Delaware corporation;**

Defendants.

Civil No. 00-2532 (PAM/JGL)

**ORDER**

APPEARANCES

William Pentelovitch, Esq., for Plaintiff.

Edward Friedman, Esq., Craig Weinstock, Esq., and Robert Schnell, Esq., for Defendants.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on June 19, 2001, on Defendants' Motion for Leave to File Their Original Third-Party Complaint (Doc. No. 13). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED JUN 29 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. INTRODUCTION

This litigation arises out of an employment relationship involving Hexamedics, Guidant Corporation, and Intermedics, Inc. Hexamedics accuses Defendants of destroying Hexamedics' business by failing to meet contractual obligations, stealing away sales staff, and failing to supply ordered pacemakers. In a fifteen-count complaint, Hexamedics alleges claims of unfair competition, breach of contract, negligent misrepresentation, fraud, and tortious interference with contractual and prospective business relationships. Defendants deny that they acted wrongfully in any manner and deny liability for all claims. In the pending motion, Defendants move this Court for an Order granting leave to file a third-party complaint against Medtronic, Inc. Defendants allege that if Hexamedics recovers against Defendants, Medtronic is liable to Defendants for contribution and for comparative fault. Defendants allege that Medtronic engaged in a campaign, involving millions of dollars, to hire Hexamedics' sales staff.

## II. DISCUSSION

Federal Rule of Civil Procedure 14(a) allows by leave of the court a defending party, as a third-party plaintiff, to serve a summons and complaint "upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." While the decision to grant leave to file

a third-party complaint is in the discretion of the Court, Rule 14 is to be construed liberally to achieve the purposes of avoiding circuity of actions and multiplicity of suits. See Waylander-Peterson Co. v. Great N. Ry. Co, 201 F.2d 408, 415 (8th Cir. 1953); Lawrence v. Great N. Ry. Co., 98 F.Supp. 746, 748 (D. Minn 1951).

**A. Common Liability**

Plaintiff Hexamedics claims that Rule 14 impleader of Medtronic on a contribution theory is inappropriate because Medtronic does not share a common liability with Defendants. See Northwest Airlines, Inc. v. Transp. Workers Union of Am., 451 U.S. 77, 87-88 (1981) ("[A] right to contribution is recognized when two or more persons are liable to the same plaintiff for the same injury and one of the joint tortfeasors has paid more than his fair share of the common liability.") The Court finds that Plaintiff's argument goes to the merits and is, therefore, premature. Defendants allege sufficient facts to justify their motion.

**B. Medtronic's Tort Liability**

Plaintiff claims that Medtronic cannot be liable to Defendants because Medtronic has not committed any torts against Hexamedics. Plaintiff alleges it consented to Medtronic's hiring of Hexamedics' employees and consent is an absolute defense to tort liability. However, Hexamedics' argument assumes that the only injury

is the actual hiring of its employees. Defendants contend that Medtronic tortiously contributed to the break-up of Hexamedics through Medtronic's recruiting efforts and not just by employing Hexamedics' personnel. Further, Defendants contest that, at the time of the alleged injuries, Hexamedics consented to Medtronic's hiring of Hexamedics employees. Thus, Defendants allege sufficient facts to warrant a third-party complaint against Medtronic.

Plaintiff further contends that only intentional torts can be alleged against Medtronic under Defendants' theory of the case and that comparative fault does not apply to intentional torts under Minnesota law. The Court finds the argument premature since the choice of law has not been made.

**C. Prejudice**

Plaintiff next contends that it would be prejudiced by the addition of Medtronic to the suit because of conflicts of interest, increased litigation scope, and increased costs. However, even if Medtronic is not joined as a third-party defendant, it may still become an integral part of this lawsuit. Defendants claim that Medtronic's actions will prove that Defendants did not cause the harms Hexamedics alleges. Thus, since Plaintiff may incur expenses relating to the discovery of Medtronic anyway, the Court is not persuaded that costs and scope are increased so significantly as to cause the Court in its discretion to deny

Defendants the liberal right to bring a complaint against a third-party defendant.

If the Court were to deny Defendants' motion and Hexamedics were to prevail in this lawsuit, Defendants could bring an independent suit against Medtronic on the issues of contribution and comparative fault. An additional suit would further increase costs and defeat the Rule 14 purposes of avoiding circuity of actions and multiplicity of suits.

Plaintiff alleges that Defendants will not be prejudiced by the denial of this motion because Hexamedics does not and will not seek recovery from Medtronic for any alleged tort injuries. Plaintiff's argument is misapplied. Merely because Hexamedics would waive any claims it might have against Medtronic does not mean that Medtronic is not comparatively and contributorily liable for injuries that might otherwise be attributed to Defendants.

Finally, Plaintiff alleges that it would be prejudiced because the addition of Medtronic would cause a conflict of interest for Plaintiff's local counsel. However, since Medtronic may become an integral part of this lawsuit even if they are not joined as a third-party defendant, Plaintiff's local counsel might not be able to avoid a conflict of interest. Plaintiff has not persuaded the Court that Hexamedics will be prejudiced

to such a degree as to outweigh Defendants' liberal right to add a third-party defendant.

**D. Declaratory Relief**

Plaintiff asserts that Defendants' claim for declaratory judgment against Medtronic does not create a basis for impleader. The Court agrees. However, Defendants' claim for declaratory relief is made pursuant to Federal Rule of Civil Procedure 18, not Federal Rule of Civil Procedure 14. The Court does not consider at this time whether Defendants' claim for declaratory judgment is appropriately joined to this action.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Defendants' Motion for Leave To File Their Original Third-Party Complaint (Doc. No. 13) is **GRANTED**;

(2) Defendants are directed to file and serve the Third-Party Complaint by July 13, 2001; and

(3) Defendants' Motion for Leave To File Reply Brief (no Doc. No.) is **GRANTED**.

Dated: June 29, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge