ORIGINAL

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **HEXAMEDICS, S.A.R.L.,**<br>**a French corporation**<br><br>**v.**<br><br>**GUIDANT CORPORATION,**<br>**an Indiana corporation; and**<br>**INTERMEDICS, INC.,**<br>**a Delaware corporation.**<br><br>**v.**<br><br>**MEDTRONIC, INC., a**<br>**Minnesota Corporation** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **C.A. NO. 00-CV-2532 PAM/JGL**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**PROTECTIVE ORDER**

Plaintiff Hexamedics, S.A.R.L. ("Hexamedics"), Defendants and Third-Party Plaintiffs Guidant Corporation ("Guidant"), and Intermedics, Inc. ("Intermedics"), and Third-Party Defendant Medtronic, Inc. ("Medtronic") have expressed their desire and agreement in protecting certain confidential information. Upon consideration of these desires,

**IT IS HEREBY ORDERED THAT:**

1. This Order shall apply to all Confidential Information and Attorneys' Eyes Only Information provided by the parties, whether written, oral, contained in documents or transcripts, or in any other form. **"Confidential Information" shall include all materials produced by any party in either formal or informal discovery or filed into the official court record of this case.** Confidential Information includes any documents or information in any other medium derived from Confidential Information, and includes any part of any written or tangible materials that would indicate the source of Confidential Information. All deposition testimony and/or exhibits shall be considered Confidential and subject to this Protective Order.

JUL 30 2001
FILED ____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

2. Confidential Information obtained during discovery in this litigation from any party may not be used or disseminated except as provided in this Protective Order Governing Procedures for Treatment of Confidential Information ("Order").

3. Any party to this Order producing information, documents, or things in discovery, which it believes in good faith to be highly sensitive and confidential or to constitute a trade secret may designate the same as "ATTORNEYS' EYES ONLY," or words to that effect, by so marking the information, document, or thing. Materials marked "Attorneys' Eyes Only" may not be reviewed by parties.

4. Confidential Information may be copied, disclosed, discussed, or inspected, in whole or in part, only for the purposes of this litigation, and any appeals therefrom, and only by the following persons:

a. counsel for the parties herein (including counsel of record for the parties in the above-captioned action and other litigation counsel actively engaged in assisting counsel of record in this case, including in-house counsel) and their secretaries, paralegals, or other support personnel;

b. experts or consultants who are expressly retained to assist counsel of record for the parties solely for the prosecution or defense of this litigation or the preparation of this action, including, but not limited to, independent auditors, accountants, statisticians, economists and other experts, and the employees of such persons ("Experts"), provided that no such Expert is a competitor of any party whose Confidential Information is to be disclosed;

c. stenographic, paralegal, clerical, and other employees of the person(s) referred to in subparagraphs (a) - (b) above;

d. witnesses or deponents provided that only the deposition reporter, deponent, and other persons qualified pursuant to this Paragraph 4 are present; and

e. parties to this litigation.

5. Attorneys' Eyes Only Information may be copied, disclosed, discussed, or inspected, in whole or in part, only for the purposes of this litigation, and any appeals therefrom, and only by the following persons:

a. counsel for the parties herein (including counsel of record for the parties in the above-captioned action and other litigation counsel actively engaged in assisting counsel of record in this case, including in-house counsel) and their secretaries, paralegals, or other support personnel;

b. experts or consultants who are not employees of any party and who are expressly retained to assist counsel of record for the parties solely for the prosecution or defense of this litigation or the preparation of this action, including, but not limited to, independent auditors, accountants, statisticians, economists and other experts, and the employees of such persons ("Experts"), provided that no such Expert is a competitor of any party whose Confidential Information is to be disclosed;

c. stenographic, paralegal, clerical, and other employees of the person(s) referred to in subparagraphs (a) - (b) above; and

d. witnesses or deponents (if the witness or deponent is the party or an employee of the party who produced the Confidential Information, or was an intended recipient of such Confidential Information) provided that only the deposition reporter, deponent, and other persons qualified pursuant to this Paragraph 5 are present.

No Attorneys' Eyes Only Information shall be disclosed to any of the persons referred to in subparagraph (b) until such persons have been provided with a copy of this Order and have agreed in writing to be bound thereto by execution of an agreement to that effect. All parties shall retain any such agreements and make them available to counsel for the other parties upon request.

6. When Confidential Information, Attorneys' Eyes Only Information, or the information contained therein, is to be referred to or disclosed in a deposition, meeting, or other gathering, any party claiming confidentiality may exclude from the room any non-deponent who is not entitled under this Order to receive the Confidential Information or Attorneys' Eyes Only

Information. When Confidential Information, Attorneys' Eyes Only Information, or the information contained therein, is to be referred to or disclosed in any hearing or trial, any party claiming confidentiality may ask the Court to exclude any person who is not entitled under this Order to receive it to be removed for the duration of such discussion or testimony or to institute other procedures to protect the confidentiality of the information.

7. If Confidential Information or Attorneys' Eyes Only Information is to be included in papers filed with, or otherwise placed among the Court papers in this case, such papers shall be labeled "Confidential - Subject to Court Order," or words to that effect, and shall be filed in a sealed envelope or container and kept under seal and not disclosed to any person unless ordered by this Court. If Attorneys' Eyes Only Information is referred to or used in the course of depositions, the confidential portion of the depositions may be designated in accordance with Paragraph 3 above.

8. Should any party file into the record in this case pleadings, exhibits, or other documents or Confidential Information or Attorneys' Eyes Only Information and fail to label such filing in accordance with Paragraph 7 of this Order, that party or any other party to this action may move this Court for an order designating such filing as Confidential in accordance with Paragraph 7 of this Order. Upon the filing of such a motion, the Clerk of Court will immediately label the subject filing, or the portions thereof designated by the motion, "Confidential - Subject to Court Order" and maintain such in accordance with Paragraph 7 of this Order pending disposition of the motion. During the pendency of final disposition of the motion, and thereafter should the motion be granted, the subject materials are entitled to the full protection of this Order.

9. Subject to rules of evidence, Attorneys' Eyes Only Information may be offered in evidence at a Court proceeding upon one (1) day's written notice of the intention to do so or, if that is not possible, such shorter notice as the circumstances permit. Any party may move the Court orally or in writing for an order that the evidence be received *in camera* at the proceeding or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, may be afforded to such information at the hearing.

10. In the event that a party inadvertently produces to any other party any Confidential Information or Attorneys' Eyes Only Information that is privileged, in whole or in part, pursuant to the attorney-client privilege, work-product doctrine, or other applicable privilege, the privileged material may be retrieved by the producer or originator by giving written notice to all parties who received copies of the produced material of the claim of privilege within fifteen (15) days of the date on which the producing party becomes aware of the inadvertent production. Upon receipt of such notice, all parties or other persons that have received a copy of the inadvertently produced material shall return any privileged material to the producing party and destroy any copies of such documents. The terms of this paragraph shall not supersede any of this Court's prior discovery orders or be deemed a waiver of a party's right to contest the producing party's designation of Confidential or Attorneys' Eyes Only Information as privileged, nor shall such inadvertent production of a document that is subsequently retrieved pursuant to this paragraph be deemed to be a waiver of the claim of privilege asserted.

11. The parties shall cooperate with each other in good faith to resolve any disagreement over the designation of information as Attorneys' Eyes Only Information. If counsel for a party objects to the designation of documents as Attorneys' Eyes Only Information,

counsel shall serve an objection on the designating party. Counsel for the designating party shall respond within 5 business days of receipt of the objection. In the event the parties are unable to resolve their disagreement, the objecting party may apply to the Court for relief from such designation, and in connection with such application, the designating party shall bear the burden of proof to establish the "highly sensitive and confidential" or "trade secret" status of the information.

12. Upon termination of this action, including all appeals, all parties shall within thirty (30) days return to the producing party all Confidential Information or Attorneys' Eyes Only Information (and any copies thereof) or destroy them. In addition, any analyses, memoranda or notes which were internally generated based upon such materials shall be destroyed. Counsel for each party shall furnish a statement of compliance that all confidential materials produced to the party, as well as all summaries, excerpts, derivatives, or copies of such materials, have been returned or destroyed.

13. The terms and conditions of this Order shall apply to all materials provided by any party in this litigation. If a party or other person authorized under this Order to receive such materials receives a subpoena from a nonparty to this Order seeking production or Confidential Information or Attorneys' Eyes -Only Information, that party shall give written notice to counsel for the producing party, identifying the information sought and enclosing a copy of the subpoena, and the producing party may move to quash the subpoena.

14. Any inspection, measuring, testing, sampling, or photographing of a party's processes, products, equipment, premises, or other property pursuant to the Federal Rules of Civil Procedure will be permitted only on a confidential basis. The material discovered, and any information derived from that material, shall be treated as Confidential in accordance with the

terms of this Order. Nothing contained herein shall prevent a party from seeking further protection as appropriate in a particular situation within the scope of this paragraph.

15. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by the parties in writing or as ordered by the Court. Any modifications, extensions or limitations agreed to in writing by the parties shall be deemed effective pending approval by the Court. Nothing in this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

15. Nothing in this Order or any declaration of confidentiality hereunder shall be used or characterized by any party as an "admission" of a party opponent, and this Order shall not be construed so as to support a finding that any materials marked "Attorneys' Eyes Only" or otherwise governed by this Order are actually confidential or proprietary information or trade secrets.

16. The terms of this Order, including the terms of this Order that restrict the disclosure and use of Confidential Information or Attorneys' Eyes Only Information, shall survive and remain in full force and effect throughout this lawsuit. This Court shall retain jurisdiction after termination of this lawsuit over the parties and cause to the extent necessary to enforce this Order.

Signed 7 / 30, 2001.

U.S. DISTRICT COURT
MAG. J.

APPROVED AND AGREED TO:

Dated: July 16, 2001.

SUSMAN GODFREY, L.L.P.

By: ______________________________
STEPHEN D. SUSMAN
Texas State Bar No. 19521000
Attorney-in-Charge
GEOFFREY L. HARRISON
Texas State Bar No. 00785947
1000 Louisiana, Suite 5100
Houston, Texas 77002
(713) 651-9366
(713) 654-6666 (Facsimile)

ATTORNEYS FOR HEXAMEDICS, S.A.R.L.

Dated: July 24, 2001.

LOCKE LIDDELL & SAPP LLP

By: Craig L. Weinstock
CRAIG L. WEINSTOCK
Texas State Bar No. 21097300
EDWARD L. FRIEDMAN
Texas State Bar No. 07462950
John L. Hill
Texas State Bar No. 00000027
Jess H. Hall, Jr.
Texas State Bar No. 08783000
2600 Chase Tower
600 Travis
Houston, Texas 77002
(713) 226-1200
(713) 223-3717 (Facsimile)

ATTORNEYS FOR GUIDANT CORPORATION AND INTERMEDICS, INC.

Dated: July 13, 2001.

BRIGGS & MORGAN

By: [signature]

James J. Long
Minnesota State Bar No. 190858
2400 IDS Center
80 South 8th St.
Minneapolis, Minnesota 55402
(612) 334-4800
(613) 334-8650 (facsimile)

ATTORNEYS FOR MEDTRONIC, INC.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500