UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hexamedics, S.A.R.L.,
a French corporation,

Plaintiff,

v.

Guidant Corporation and
Intermedics, Inc.,

Defendants and Third-Party Plaintiffs,

v.

Medtronic, Inc.,

Third-Party Defendant.

Civ. File No. 00-2532 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Third-Party Defendant Medtronic, Inc.'s Motion to Dismiss. For the reasons that follow, the Motion is granted.

**BACKGROUND**

Hexamedics, S.A.R.L. ("Hexamedics") is a French company that distributes medical products and devices. Hexamedics brought this action against Defendants Guidant Corporation and Intermedics, Inc., alleging that Defendants committed various torts and breaches of French law in terminating Defendants' distributorship arrangement with Hexamedics. Most relevant to the instant Motion, Hexamedics also alleges that Defendants destroyed Hexamedics' business by, in part, hiring away Hexamedics' sales force.

FILED AUG 28 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

More than six months after the Complaint was filed, Defendants sought leave pursuant to Fed. R. Civ. P. 14(a) to interplead Medtronic, Inc. ("Medtronic") as a third-party defendant. Magistrate Judge Lebedoff granted Defendants' request, and Defendant filed a two-count Third-Party Complaint against Medtronic. In that Third-Party Complaint, Defendants allege that Medtronic is liable to Defendants for contribution and comparative fault and seek a declaratory judgment that Hexamedics' claims actually belong to Medtronic.

Medtronic has now moved to dismiss the Third-Party Complaint for failure to state a claim. Medtronic contends that Defendants have failed to allege a sufficient basis for their contribution and comparative fault claim and that there is no case or controversy with respect to the declaratory judgment claim.

## DISCUSSION

### A. Standard of Review

For the purposes of the Medtronic's Motion to Dismiss, the Court takes all facts alleged in the Third-Party Complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the Third-Party Complaint and reasonable inferences arising from that Complaint favorably to Defendants/Third-Party Plaintiffs. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**B. Res Judicata**

Defendants claim that the issues raised by Medtronic's Motion to Dismiss were adjudicated by Judge Lebedoff's Order granting Defendants leave to file the Third-Party Complaint. This claim has no merit. The standard for granting leave to interplead under Rule 14 is not the same as the standard for dismissal under Rule 12(b)(6). Thus, should this Court determine that Defendants have failed to state a claim, the Third-Party Complaint may be dismissed without running afoul of any previous decision.

**C. Contribution and Comparative Fault**

Medtronic contends that Defendants have failed to state a claim for contribution and comparative fault because the Third-Party Complaint does not specify for what allegedly tortious actions Medtronic is liable to Hexamedics. Neither party disputes that, in order to maintain a claim for contribution, Defendants must allege that Medtronic and Defendants are liable to Hexamedics for the same injury suffered by Hexamedics. See Northwest Airlines, Inc. v. Transport Workers Union of Am., 451 U.S. 77, 87-88 (1981). Medtronic asserts that the Third-Party Complaint utterly fails to allege what tortious actions Medtronic took against Hexamedics, or that those actions caused the same injury for which Hexamedics seeks to recover from Defendants.

Defendants respond that the Third-Party Complaint sufficiently puts Medtronic on notice of the conduct for which contribution is sought. Namely, the Third-Party Complaint alleges that Medtronic purposefully attempted to hire away members of Hexamedics' sales

force. (Third-Party Compl. at ¶¶ 11-12.) Because some of the torts for which Hexamedics seeks to recover from Defendants involve injury to Hexamedics' business allegedly caused by the hiring away of Hexamedics' sales force, Defendants contend that the Third-Party Complaint states a cause of action for contribution.

The Third-Party Complaint alleges that Medtronic contributed to the harm alleged by Hexamedics by tortiously interfering with Hexamedics' employees. Medtronic argues that Hexamedics consented to Medtronic's actions, but whether there was indeed consent is a question of fact that cannot be resolved on a motion to dismiss. Although the allegations in the Third-Party Complaint are sparse, that Complaint has stated a claim for contribution against Medtronic, and a dismissal is inappropriate on this basis.

The question still remains whether contribution is available to Defendants in this action. Neither party disputes that, under Minnesota law, contribution is not available for intentional torts. Oelshlager v. Magnuson, 528 N.W.2d 895, 899 (Minn. Ct. App. 1995). The torts for which Defendants seek contribution from Medtronic are undoubtedly intentional torts, and thus Medtronic argues that the contribution claim should be dismissed. Defendants contend that a decision on this issue is premature because the Court has yet to consider what jurisdiction's law will apply.

Defendants are correct that the parties have not briefed the choice-of-law issue. However, because Medtronic's arguments put the issue before the Court, Defendants should have briefed the issue. Defendants argue that, while Minnesota law may apply, it's possible

that French law applies.[1] Notably, however, Defendants do not argue that the law of France and the law of Minnesota conflict on the issue of contribution for intentional torts, nor do Defendants represent that France recognizes a right of contribution at all.

Absent any indication that there is a conflict between the law of the different jurisdictions, Minnesota law should apply. Lommen v. City of East Grand Forks, 522 N.W.2d 148, 149 (Minn. Ct. App. 1994). Minnesota does not recognize a right of contribution for intentional torts. Therefore, Defendants' claim for contribution must be dismissed.

**D. Declaratory Judgment**

Defendants contend that when Medtronic bought Hexamedics, Medtronic also purchased Hexamedics' causes of action against Defendants. Thus, Defendants seek a declaratory judgment that Hexamedics' causes of action are now owned by Medtronic. Because the Court has determined that the contribution claim must be dismissed, there is no basis for jurisdiction over the declaratory judgment claim. For the sake of comprehensiveness, however, the Court finds that, even if the contribution claim was viable, no case or controversy exists as to the declaratory judgment claim. See Maryland Cas. Co.

---

[1] For the first time at oral argument, Defendants raised the possibility that the law of Switzerland or Texas, in addition to the law of Minnesota or France, might apply to Hexamedics' claims. Also for the first time at oral argument, Defendants claimed that Texas law allows for contribution for intentional torts. Defendants did not explain why Texas law would apply to intentional torts allegedly committed by a Minnesota corporation against a French company. In any event, however, the Court cannot base its decision on arguments presented orally for which no caselaw support is given.

v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941) ("[T]he question in each case is whether the facts alleged ... show that there is a substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."). Medtronic has submitted affidavits to the effect that it does not intend to assert any claims against Defendants arising out of Defendants' conduct with respect to Hexamedics. Medtronic's sworn statements to the Court vitiate any claim Defendants might have that a declaratory judgment is necessary. Nat'l Hockey League v. Nat'l Hockey League Players Ass'n, 789 F. Supp. 288, 295 (D. Minn. 1992) (Rosenbaum, J.). There is simply no potential harm to declare against in this case. Should Defendants wish to defend Hexamedics' suit by arguing that Hexamedics' claims are actually owned by Medtronic, they may do so knowing that if the jury so finds, Medtronic has unequivocally stated that it will not pursue those claims. The declaratory judgment claim must also be dismissed.

**CONCLUSION**

Accordingly, for the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Third-Party Defendant Medtronic, Inc.'s Motion to Dismiss (Clerk Doc. No. 32) is **GRANTED** and the Third-Party Complaint is **DISMISSED WITH PREJUDICE**.

Dated: August 28, 2001

Paul A. Magnuson
United States District Court Judge

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500