**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**HEXAMEDICS, S.A.R.L., a French corporation,**

Plaintiff,

v.

**GUIDANT CORPORATION, an Indiana corporation, and INTERMEDICS, INC., a Delaware corporation,**

Defendants.

Civil No. 00-2532 (PAM/JGL)

**ORDER**

APPEARANCES

Robert L. Schnell, Jr., Esq., and Craig Weinstock, Esq., for Defendants Guidant Corporation and Intermedics, Inc.

Michael A. Lindsay, Esq., for St. Jude Medical, Inc.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on December 5, 2001 on Defendants' Joint Motion to Compel St. Jude Medical, Inc. (Doc. No. 90). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED DEC 11 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT

## I. INTRODUCTION

Defendants Guidant Corporation and Intermedics, Inc. (collectively "Defendants") ask the Court to compel non-party St. Jude Medical, Inc. ("St. Jude") to provide responses to document requests 1-4 contained in Defendants' Subpoena and Notice of Intention to Take Deposition on Written Questions, dated June 29, 2001. St. Jude timely objected to the subpoena in its entirety. Defendants filed this motion to compel in accordance with Federal Rule of Civil Procedure 45(c)(2)(B).

The requested information relates to approximately four employees and agents of St. Jude Medical France, S.A., a wholly-owned subsidiary of St. Jude. The employees previously worked for Plaintiff Hexamedics. Defendants purportedly require the information to rebut Hexamedics' allegation that Defendants absconded with Hexamedics' sales force. Defendants seek to prove that Hexamedics' sales force disintegrated for reasons unrelated to Defendants, including competing companies' recruitment of the employees.

St. Jude responds that it does not have any of the requested documents in the United States. The four employees work in France for the French subsidiary, and that entity therefore possesses the records. In addition, St. Jude contends that production would violate applicable European and French privacy and data collection laws. St. Jude concedes that the production would not be onerous.

## II. DISCUSSION

The Court declines to compel St. Jude to produce the documents. The documents are in the possession of the French subsidiary, and Defendants have not convinced the Court that St. Jude has control of the documents. Federal Rule of Civil Procedure 45 expressly provides that the subpoena shall command the recipient to produce documents "in the possession, custody, or control" of that person. Fed. R. Civ. P. 45(a)(1)(C). Thus, the documents need not be "in the physical possession of the non-party from whom discovery is sought." Sec. & Exch. Comm'n v. Credit Bancorp, Ltd., 194 F.R.D. 469, 471 (S.D.N.Y. 2000) (citing Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984)). However, the party requesting the discovery has the burden to show that the party from whom discovery is sought has control over the information. See id. at 472 (citing United States v. Int'l Union of Petrol. & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989) (citation omitted); DeSmeth v. Samsung Am., Inc., No. 92 Civ. 3710, 1998 WL 74297, at *9 (S.D.N.Y. Feb. 20, 1998); Addamax Corp. v. Open Software Found., Inc., 148 F.R.D. 462, 465 & n.3 (D. Mass. 1993)); Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 663 (D. Kan. 1999) (citation omitted).

Although it is true that courts have found control by a parent corporation over information possessed by its subsidiary, the holdings are not absolute. At least one court has qualified its holding based on whether the

parent has access to the documents in the ordinary course of business. See Sec. & Exch. Comm'n, 194 F.R.D. at 473. In the present case, Defendants have not shown that St. Jude would have access to the documents in the ordinary course of business, and St. Jude has expressly stated it has no right to demand any documents from the French subsidiary. Furthermore, where a foreign subsidiary refuses to produce the documents, as in this case, it follows that the parent does not have control over the information. See Goh v. Baldor Elec. Co., 1999 WL 20943, at *3 (N.D. Tex. Jan. 13, 1999).

Cooper Industries, Inc. v. British Aerospace, Inc., 102 F.R.D. 918 (S.D.N.Y. 1984), is often cited for its analysis of whether documents possessed by a non-party foreign parent were within the control of the litigating, domestic subsidiary corporation. The Cooper court found control based on the following factors: (1) the domestic subsidiary sold and serviced airplanes manufactured by the foreign parent company; (2) the requested documents related to the airplanes; (3) the subsidiary was wholly-owned by the foreign parent; (4) the subsidiary's counsel previously had instructed the plaintiff to make all discovery requests through him because he represented the foreign parent; (5) the subsidiary had described itself as an "affiliated company" of the foreign parent; and (6) the requested documents related to the airplanes with which the subsidiary worked every day. See id. at 919. Although the present case involves circumstances in which documents are sought from a foreign

subsidiary through its domestic parent, the Court finds Cooper applicable nevertheless. In support of their position that St. Jude has control over the documents, Defendants have submitted only an annual report showing that St. Jude Medical France S.A. is a wholly-owned subsidiary of St. Jude Medical, Inc. Therefore, Defendants have satisfied only the third factor of the Cooper test. Defendants have not persuaded the Court that the requested documents are in the possession, custody, or control of St. Jude.

As a second basis for denying Defendants' motion, the Court is not satisfied that the transfer of information would not violate French or European privacy or data collection laws. Although St. Jude concedes that France has not adopted the European Community Privacy Directive, France has enacted privacy laws. Defendants have made no attempt to show that production would not violate French privacy or data collection laws. Of particular significance to the Court is St. Jude's status as a non-party and the possibility that an order compelling production would expose St. Jude or the French subsidiary to litigation in France. Another decisive consideration for the Court was St. Jude's suggestion that Defendants either obtain an opinion from a French lawyer establishing that the requested production would not violate applicable laws or reimburse St. Jude for the cost of obtaining such an opinion.

The Court finds this suggestion a workable compromise, and this Order does not foreclose Defendants from pursuing this option.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Joint Motion to Compel St. Jude Medical, Inc. (Doc. No. 90) is **DENIED**.

Dated: December 10, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge