UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hexamedics, S.A.R.L.,
a French corporation,

Plaintiff,

v.

Guidant Corporation and
Intermedics, Inc.,

Defendants,

Civ. File No. 00-2532 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on the parties' Joint Motion to Amend the Rule 16(b) Scheduling Order and for Leave to File Amended Pleadings. In this Motion, the parties seek to extend the briefing page limit on Defendants' Motion for Summary Judgment to 52 pages. The parties also seek to file amended pleadings outside the time allowed by the Scheduling Order. Finally, the parties request that the Court "limit Plaintiff Hexamedics' promissory estoppel claim to attempting to provide consideration for the July 27, 1998 letter, and as not providing a ground for additional affirmative relief." (Joint Motion (Clerk Doc. No. 116) at 2.)

As an initial matter, the Local Rules for the District of Minnesota make clear that nondispositive Motions should be heard by the Magistrate Judge. See D. Minn. L. R. 7.1(a). This Motion was directed to the undersigned, not to Magistrate Judge Lebedoff. Moreover, the Rules require a Notice of Motion, which itself presupposes that the moving party (or

FILED JAN 14 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

parties) have requested a hearing date or have informed the Magistrate Judge that no oral argument is requested. See id. 7.1(a)(1). The Notice of Motion serves to notify both the parties and the Magistrate Judge that a Motion is pending. The instant Motion is devoid of a Notice of Motion, and thus the Magistrate Judge was not on notice that a Motion was pending. The parties are advised that copies of the Local Rules are available at the Clerk's Office free of charge.

Despite the procedural deficiencies of the Motion, the Court will consider the Motion. The parties have fully briefed Defendants' Motion for Summary Judgment with reference to the not-yet-filed Amended Complaint. To delay consideration of the instant Motion while the parties cure the Motion's deficiencies will serve no useful purpose.

The parties' request that the page limitation for the summary judgment briefing be extended is essentially moot in light of the Court's Order granting Plaintiff's request to file a surreply. To preclude any argument over the length of briefing, however, the Court will amend the Scheduling Order to extend the page limitation. The Scheduling Order will also be amended to allow the filing of the amended pleadings. The parties have requested that the pleadings as appended to the affidavit of Robert L. Schnell, Jr. (Clerk Doc. No. 117) be deemed filed. To properly file a document, however, Local Rule 5.2(a) requires that a party deliver the original to the Clerk of Court with a request that it be filed. The Rules do not contemplate the Court taking on this responsibility. The parties should comply with Rule 5.2(a) and file their amended pleadings with the Clerk.

The Court will not rule on the final request. This request is not a proper subject of motion practice, but rather is information that should be included in briefing, in a letter to the Court, or at the hearing on Defendants' Motion for Summary Judgment. The Court will, however, take notice that Plaintiff wishes to limit its promissory estoppel claim in the manner described above.

Accordingly, for the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the joint Motion to Amend the Rule 16(b) Scheduling Order and for Leave to File Amended Pleadings (Clerk Doc. No. 116) is **GRANTED**; and the Scheduling Order is amended as described above.

Dated: Jan. 13, 2002

Paul A. Magnuson
United States District Court Judge